IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JORGE HERNANDEZ,

    Plaintiff,                        No. CIV S 07-1986 GEB DAD P

    vs.

UNKNOWN,

    Defendant.                    ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Pursuant to this court's October 3, 2007 order, plaintiff has filed a complaint seeking relief pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $8.98 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate

1

agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, ___ U.S. ___,    , 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."

1  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must
2  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital
3  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the
4  plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421
5  (1969).

6         The Civil Rights Act under which this action was filed provides as follows:

7         Every person who, under color of [state law] . . . subjects, or causes
          to be subjected, any citizen of the United States . . . to the
8         deprivation of any rights, privileges, or immunities secured by the
          Constitution . . . shall be liable to the party injured in an action at
9         law, suit in equity, or other proper proceeding for redress.

10 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
11 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
12 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
13 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
14 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
15 omits to perform an act which he is legally required to do that causes the deprivation of which
16 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

17         Moreover, supervisory personnel are generally not liable under § 1983 for the
18 actions of their employees under a theory of respondeat superior and, therefore, when a named
19 defendant holds a supervisorial position, the causal link between him and the claimed
20 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
21 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
22 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
23 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
24 Cir. 1982).

25         In plaintiff's complaint, he identifies as defendants Karen Kelly, Health Care
26 Manager; Dr. J. Bal, M.D.; and Dr. Mathis, M.D.  Plaintiff alleges that he noticed a small lump

on his back that grew to the size of a golf ball over the course of a year. Plaintiff alleges that, when he saw Dr. Mathis, he was told that it was probably a "fatty tumor" and that leaving it alone would probably be best remedy. Plaintiff told Dr. Mathisd that he was in pain and that the lump was affecting his ability to move his arms. Plaintiff requested that the tumor be removed.

Subsequently, plaintiff underwent a CT scan and was scheduled to see the facility doctor. In addition, plaintiff filed a formal inmate appeal, expressing dissatisfaction with the medical treatment he had received. Plaintiff explained that the growth on his back was causing him great pain and that it hurt to move his arm on the side where the lump was located. Dr. J. Bal interviewed plaintiff and reiterated that removal of the tumor was not warranted.

Plaintiff continued to pursue his inmate appeal. He explained to the second and third levels of review that he was experiencing a great deal of pain and that the mass was restricting his movement. Plaintiff also explained that his health was deteriorating due a his inability to exercise. Dr. Bal denied the appeal at the second level of review, and Karen Kelly denied the appeal at the third level of review. Plaintiff alleges that none of the defendants disputed or challenged his contention that he was in a great deal of pain or that his health was deteriorating as a result of his inability exercise. Nevertheless, the defendants maintained that excision of the tumor was not medically necessary.

Plaintiff concludes that defendants have violated his rights under the Eighth Amendment. Plaintiff seeks declaratory relief, injunctive relief, and damages.

Plaintiff's complaint appears to state cognizable claims for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 7, 2007 application to proceed in forma pauperis is granted.

/////

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $8.98. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service of the complaint is appropriate for the following defendants: Karen Kelly, Dr. J. Bal, and Dr. Mathis.

4. The Clerk of the Court shall send plaintiff 3 USM-285 forms, one summons, an instruction sheet, and a copy of the complaint filed October 24, 2007.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Four copies of the complaint filed October 24, 2007.

6. Plaintiff shall not attempt to effect service of the complaint on defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

7. The Clerk of the Court is directed to amend the docket to reflect the named defendants in this action.

DATED: November 15, 2007.

DAD:9
hern1986.1

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

5

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JORGE HERNANDEZ,

       Plaintiff,                      No. CIV S-07-1986 GEB DAD P

    vs.

UNKNOWN,                             NOTICE OF SUBMISSION

       Defendants.             OF DOCUMENTS

_____/

       Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

       _____ one completed summons form;

       _____ three completed USM-285 forms; and

       _____ four true and exact copies of the complaint filed October 24, 2007.

DATED: _____.

                                                                     Plaintiff