IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JORGE HERNANDEZ,

    Plaintiff,                    No. CIV S-07-1986 GEB DAD P

  vs.

KAREN KELLY, et al.,

    Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983.  On March 30, 2011, the court granted defendants' motion for summary judgment.  On the same day, the court entered judgment and closed the case.  Plaintiff has filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) or, alternatively, to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b).

        Turning first to plaintiff's motion brought pursuant to Rule 59(e), the court finds that plaintiff's motion is untimely.  Under Rule 59(e), a party must file a motion to alter or amend a judgment "no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(e). Here, the court entered judgment on March 30, 2011.  Even applying the mailbox rule, plaintiff did not file his motion until June 5, 2011, well after the 28-day deadline to file the motion had expired.

1    Moreover, even if plaintiff had timely filed his motion, he is not entitled to relief.
2 The Ninth Circuit has held that "[a] motion for reconsideration under Rule 59(e) 'should not be
3 granted, absent highly unusual circumstances, unless the district court is presented with newly
4 discovered evidence, committed clear error, or if there is an intervening change in controlling
5 law.'"  McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting 389
6 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).  Here, plaintiff does not argue
7 that newly discovered evidence or an intervening change of the law requires reinstatement of this
8 action.  In addition, the court conducted a de novo review of the Magistrate Judge's findings and
9 recommendations on March 30, 2011.  The court considered all papers and files in this action at
10 that time, including plaintiff's March 8, 2011 objections to the findings and recommendations.
11 Plaintiff has not demonstrated that this court committed any error whatsoever in granting
12 defendants' motion for summary judgment.  Accordingly, the court will deny plaintiff's motion
13 pursuant to Rule 59(e).

14    As to plaintiff's motion brought pursuant to Rule 60(b), plaintiff has not specified
15 what provision of Rule 60(b) he believes entitles him to relief.  Nor has he alleged circumstances
16 such as mistake, newly discovered evidence, fraud, that the judgment is void, or that the
17 judgment has been satisfied pursuant to Rule 60(b)(1)-(5).  Presumably, plaintiff seeks relief
18 pursuant to Rule 60(b)(6), the "catch-all provision," which allows the court to relieve a party
19 from final judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).

20    The Ninth Circuit has cautioned that Rule 60(b)(6) is to be "used sparingly as an
21 equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary
22 circumstances prevented a party from taking timely action to prevent or correct an erroneous
23 judgment."  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quoting Latshaw v. Trainer
24 Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006)).  In this regard, "a party seeking to reopen
25 a case under Rule 60(b)(6) must demonstrate both injury and circumstances beyond his control
26 /////

that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." Id. (internal quotations omitted)

Here, plaintiff does not argue that he encountered extraordinary circumstances that prevented him from diligently prosecuting this action. In fact, plaintiff was able to fully apprise the court of his arguments on the relevant issues in opposing defendants' motion for summary judgment and in filing objections to the assigned magistrate judge's findings and recommendations. Accordingly, the court will also deny plaintiff's motion brought pursuant to Rule 60(b)(6).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion pursuant to Rule 59(e) is denied; and

2. Plaintiff's motion pursuant to Rule 60(b) is denied.

Dated: August 2, 2011

GARLAND E. BURRELL, JR.
United States District Judge

3